## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK HEYMANN<br>512 E. Chestnut Street<br>Lancaster, PA 17602<br><br>      Plaintiff,<br><br> v.<br><br>MMC PACKAGING EQUIPMENT LTD.<br>2030 Boulevard Dagenais Ouest<br>Laval (Quebec) Canada<br>H7L 5W2<br><br>      Defendant. | CIVIL ACTION<br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

### THE PARTIES

1. Plaintiff Mark D. Heymann is an adult individual who resides at 512 East Chestnut Street, Lancaster, PA 17602. Plaintiff is a citizen of the Commonwealth of Pennsylvania.

2. Defendant MMC Packaging Equipment Ltd. is a corporation or similar business entity incorporated, formed and existing under the laws of Canada with its principal place of business at 2030 Boulevard Dagenais Ouest, Laval (Quebec) Canada, H7L 5W2. Defendant is a citizen of a foreign country, i.e., Canada.

### NATURE OF THE CASE

3. This is a products liability, personal injury case arising out of an accident that occurred on or about November 24, 2020.

4. Plaintiff Mark Heymann suffered serious, permanent, painful, disabling and disfiguring injuries to his right hand at his place of business, National Novelty Brush Company located at 505 Fulton Street, Lancaster, PA while operating a cap-lining machine designed, manufactured, assembled, marketed, sold and/or distributed by Defendant. On information and belief, the machine is Model LM-270, serial number L0210.04 ("the machine").

## JURISDICTION AND VENUE

5. The subject matter jurisdiction of this Court is based upon the diversity of citizenship of the parties. Plaintiff is a citizen of the Commonwealth of Pennsylvania. Defendant is a citizen of a foreign state, i.e., Canada. The amount in controversy in this case exceeds $75,000.00 exclusive of interest and costs.

6. Personal jurisdiction of this Court over the Defendant is based upon the fact that the Defendant sold, distributed delivered and/or installed the machine to Plaintiff's employer, a Pennsylvania corporation, for use at the employer's place of business located in Lancaster, Pennsylvania, which is within the geographic boundaries of this Court.

7. Venue in the Eastern District of Pennsylvania is proper by virtue of the fact that this case arises out of events that occurred in Lancaster, Pennsylvania, which is within the geographic boundaries of this Court.

## FACTS

8. Some time prior to November 24, 2020, Defendant designed, manufactured, assembled, marketed, distributed, installed, and/or sold the machine to National Novelty Brush Company.

9. The machine was designed and sold in a condition that caused operators to place their hands near an exposed, unguarded belt while performing certain routine, necessary, and foreseeable job functions, including jogging the machine.

10. While jogging the machine on November 24, 2020 in a safe, reasonable, foreseeable and intended fashion, Plaintiff's right hand contacted the moving, exposed, unguarded belt resulting in severe, painful, permanent traumatic injuries to his hand, including an open fracture of the right index finger with significant loss of tissue and permanent loss of function.

11. The accident and injuries were caused by the defective design and manufacture of the machine by the Defendant.

12. As a result of the accident and injuries referred to above, Plaintiff has in the past and will in the future suffer significant pain and suffering, emotional and psychological pain and suffering, disfigurement, medical expenses, lost earnings and earning capacity, and a loss of life's pleasures.

## COUNT I – PLAINTIFF v. DEFENDANT

13. Paragraphs 1 to 12 above are incorporated as though fully set forth.

14. The product was defectively designed, manufactured and marketed due to the fact that the machine as designed caused operators to place their hand near an exposed, moving belt while operating the machine. The belt could have been and should have been guarded, but was not.

15. As designed, the product contained risks that were greater than or different from the risks its intended users expected or anticipated. The risks created by the absence of a guard

exceeded the utility of designing and marketing the machine without a guard to protect operators from the belt.

16. The machine was also defective in that it lacked proper, adequate, effective warnings.

17. The Defendant is strictly liable to Plaintiff for all damages and losses caused by the accident.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant in an amount in excess of $75,000.00, exclusive of interest and costs.

**WHITE AND WILLIAMS LLPMMC**

By: _____

Daniel J. O'Brien
Russell P. Lieberman
1650 Market Street | One Liberty Place, Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.7168
*Attorneys for Plaintiff*
*Mark Heymann*

Dated: December 2, 2021